John D. Bennett, S.
This is a discovery proceeding brought by the administratrix d. b. n. to recover the reasonable value of a Buick automobile allegedly belonging to the decedent at his death and subsequently sold by the respondent herein. The answer interposed by respondent is one of general denial. However, during the course of the trial, respondent amended her pleadings in open court so as to plead the defense of a gift. The parties stipulate that $1,700 is the reasonable value of the car.
Respondent relies solely on the 1958 certificate of registration signed by the decedent transferring the car to respondent, and on respondent’s own testimony that decedent gave her the car.
Delivery of the certificate of registration, duly completed and indorsed, with intent to transfer title, plus delivery of the car would be sufficient to legally transfer title. But here a gift to her is alleged by respondent, and she has the burden of proving it by a fair preponderance of the evidence. In addition, since decedent cannot refute respondent’s statements, the court will scrutinize them most carefully (Matter of Albert, 68 N. Y. S. 2d 539).
Decedent left on a trip to Alaska in August, 1958 and died there on October 14, 1958. During that time the car was left with respondent at her home. However the certificate of transfer allegedly executed by decedent prior to his death, which bears no date to show when it was signed, and which date respondent failed to show during the hearing, was not presented to the Motor Vehicle Bureau until November 13,1958, which was after decedent’s death. The alleged gift by delivery of the 1958 certificate of registration with the signed statement of transfer *719 must be viewed by tbe court with suspicion, and tbe evidence to substantiate it must be made clear and convincing.
Tbe testimony of respondent pertaining to the 1957 and 1958 certificates of registration is not consistent. Sbe first testified that on tbe 1958 certificate decedent filled in her name and address and signed it. Later, when asked if tbe same portion containing her name and address was in her writing, she testified that sbe did not know. Respondent also testified that tbe portion of tbe 1957 certificate containing tbe statement of transfer was given to her by decedent, and at tbe time sbe received it, contained her name and address and was signed by decedent. There is no evidence that tbe automobile was registered in respondent’s name in 1957. Tbe record indicates that the car was first registered in 1958 in the decedent’s name. • Later sbe testified that when decedent gave her tbe 1958 certificate containing tbe statement of transfer he told her, ‘ ‘ This is your car ’ ’. Therefore the 1957 transfer must be deemed invalid. If in fact it was intended as a gift, then apparently tbe gift was not effectuated or there would be no necessity for attempting to prove a similar transaction in 1958.
Another inconsistency in respondent’s case results from tbe language used by respondent in letters to decedent during bis absence in Alaska. In such a letter dated September 11, 1958, respondent refers to tbe car in question twice as “ your car”, and in a letter dated October 1, 1958, sbe again refers to it as “ your ear
As revealed by tbe testimony of respondent herself, tbe facts of this case are anything but clear and convincing. Decedent’s contract of purchase, later assigned to General Motors Acceptance Corporation, prohibited such ¿ transfer of title without notice. A claim was submitted on a life insurance policy on decedent’s life to guarantee payment of tbe loan in case of bis death with General Motors Acceptance Corporation as beneficiary, and was paid by tbe Prudential Life Insurance Company. Later the car was sold by tbe respondent, after effecting a change of record title. This would indicate that no notice was given during decedent’s life of this alleged transfer as was required, if in fact there was such a transfer during bis lifetime.
This court will not presume that the decedent breached bis contract with tbe seller of tbe car. Accordingly tbe proof offered by tbe respondent is not sufficient to establish the necessary intent and delivery on the part of decedent to constitute a valid gift. Tbe facts established by tbe evidence, apart from tbe testimony of the respondent, are equally consistent with tbe hypothesis that the deceased merely gave respondent the right *720 to sell the car on his behalf while he was away, as they are to the claim that a gift of the car was made to the respondent.
Since the car was sold for $1,700, and that amount is stipulated as its reasonable value, respondent is directed to pay that amount to the administratrix.
The motion to dismiss the petition made by respondent at the close of petitioner’s case with decision reserved by the court is denied.
Settle decree on five days’ notice.